ROBERT SCHRADER *et al.*, Plaintiffs-Appellees, *v.* DONALD J. KROK *et al.*, Defendants-Appellants.

Second District    No. 80-455

Opinion filed September 16, 1980.—Rehearing denied October 24, 1980.

Miles J. Zaremski, of Wildman, Harrold, Allen & Dixon, of Chicago, and Stanley H. Jakala, of Berwyn, for appellants.

Thomas P. Stepanich, of Waukegan, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Defendants, Donald J. Krok, Donald M. Anderson, John Aman, James J. Winfrey and Roy Ellis, individually and as members of the Lake County Sheriff's Office Merit Commission (hereinafter the Commission), bring this interlocutory appeal from an order of the Circuit Court of Lake County enjoining them from enforcing the Commission's rule concerning political activities against plaintiffs, Robert Schrader and Willie R. Smith.

Plaintiffs are sheriff's deputies in Lake County. On May 16, 1980, they received a letter from the Commission informing them that a complaint had been filed charging that they violated the Commission's rules and regulations prohibiting political activities. The letter also notified the plaintiffs that a hearing on these charges was set for June 2, 1980. On May 29, 1980, plaintiffs filed a complaint for injunction alleging that actions of the Commission violated plaintiffs' constitutional rights in a number of respects including that the Commission acted outside its legislatively granted authority, that the rule prohibiting political activities was overbroad, and that the charges were improper in form. After hearing the arguments of counsel, the trial court issued a temporary restraining order prohibiting the Commission from proceeding on the charges against plaintiffs.

On June 5, 1980, the Commission moved to dismiss the complaint, alleging that it failed to state a cause of action and that intervention in the administrative process was premature. After further argument of counsel, the trial court took the commission's motion under advisement and extended the temporary restraining order. On June 16, 1980, the trial court issued a memorandum opinion finding that the Commission had no authority to enact and enforce its rule concerning political activity. Accordingly the trial court denied the Commission's motion to dismiss and granted plaintiffs a preliminary injunction. The Commission filed a timely notice of interlocutory appeal pursuant to Supreme Court Rule 307 (Ill. Rev. Stat. 1979, ch. 110A, par. 307).

■■ The requirements for the issuance of a preliminary injunction are well settled. For such an injunction to issue, the plaintiff must establish: (1) that he possesses a certain and clearly ascertained right which needs protecting, (2) that he will suffer irreparable injury without the protection of an injunction, (3) that there is no adequate remedy at law for his injuries, and (4) that he is likely to be successful on the merits. (*Crest Builders, Inc. v. Willow Falls Improvement Association* (1979), 74 Ill. App. 3d 420, 393 N.E.2d 107; *Bromberg v. Whitler* (1977), 57 Ill. App. 3d 152, 372 N.E.2d 837.) At issue in the instant case are the requirements of the lack of an adequate remedy at law, of irreparable injury, and the likelihood of success on the merits.

## I.

■■ As a general rule a plaintiff must exhaust his administrative remedies before he seeks access to the courts. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737.) However, it is now well settled that a party need not exhaust his administrative remedies where, as here, an administrative rule is attacked on its face. (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 370 N.E.2d 223; *Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 387 N.E.2d 258.) Thus, at least that portion of plaintiffs' complaint challenging the Commission's rule on its face is a proper subject for injunctive relief.

The Commission also argues that the plaintiffs have failed to establish the existence of irreparable injury. While the complaint could have been more articulate in this regard, this case is concerned with plaintiffs' political rights as well as their continued employment. In such instances, injunctive relief is the customary remedy. (See, for example, *United States Civil Service Com. v. National Association of Letter Carriers* (1973), 413 U.S. 548, 37 L. Ed. 2d 796, 93 S. Ct. 2880; *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 37 L. Ed. 2d 830, 93 S. Ct. 2908.) Also, in *Bio-Medical Laboratories* our supreme court held that the alternative remedy must be as complete and prompt as the equitable remedy in order to preclude injunctive relief. (68 Ill. 2d 540, 549, 370 N.E.2d 223, 227.) In the instant case, where the plaintiffs are challenging an administrative rule on its face, injunctive relief is the most direct, prompt and complete remedy. If plaintiffs' court challenge is successful, there would be no need to hold an administrative hearing to determine the factual basis of the charges.

## II.

The pivotal question in this case is whether the plaintiffs are likely to succeed on the merits of their claim that the Commission is without statutory authority to promulgate and enforce the rule in question. Section 58.1 of "An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1979, ch. 34, par. 859.1) provides that in any county having a population of less than 1,000,000, the county board may provide by ordinance that sheriff's deputies be subject to a merit system, administered by a merit commission. Under such a merit system deputies would "[b]e appointed, promoted, disciplined and discharged pursuant to recognized merit principles of public employment * * *." The Commission is also specifically empowered to "[p]romulgate rules, regulations and procedures for the operation of the merit system * * *." The Commission has adopted a set of Rules and Regulations, article II, section 7 of which provides:

> "No classified personnel in the Sheriff's Office shall participate in any manner in the activities or interest of any political party or of any candidate for public office or for the nomination therefor, nor participate in any manner in any political campaign for the nomina-

tion or election of candidates for public office. Violation of any provisions hereof shall be cause for removal of any such person in the Sheriff's Office so offending and such a decision by the Commission shall be binding. Nothing contained herein shall be deemed to interfere with the right of any person to sign a petition or vote for any candidate or upon any issue as his reason and conscience may dictate."

The issue thus becomes whether or not a rule concerning political activities can be considered a disciplinary rule pursuant to recognized merit principles of public employment.

The language of article II, section 7, is almost identical to that found in section 13 of "An Act in relation to the Cook County Police and Corrections Merit Board" (concerning the creation of the Cook County Merit Board), and section 14 of the County Police Department Act (concerning the creation of merit *boards* in counties with less than 1,000,000 in population) (Ill. Rev. Stat. 1979, ch. 125, pars. 63, 114). The Commission argues that given these provisions and given the United States Supreme Court decisions upholding similar provisions (*United States Civil Service Com.* and *Broadrick v. Oklahoma*), it must be concluded that its rule on political activities is in line with recognized principles. The plaintiffs, on the other hand, argue that under accepted rules of statutory construction the fact that in some instances the legislature has specifically provided a prohibition on political activities but has not done so under section 58.1 of "An Act to revise the law in relation to counties" is strong evidence that the legislature did not intend to empower the Commission to promulgate such a rule.

Both parties rely on the case of *Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 315 N.E.2d 573, in support of their respective positions. In the course of holding that the Cook County Merit Board had no authority to set a mandatory retirement age, the *Fahey* court reasoned:

"In Illinois, the boards and commissions regulating merit employment systems exercise purely statutory powers and must find within the governing statutes warrant for the exercise of any claimed authority. [Citations.] Administrative agencies possess only such authority as is legally conferred by express provision of law or such as, by fair implication and intendment, is incident to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the objectives for which those agencies were created. [Citations.] Thus, it has been said that such bodies cannot extend the substantive provisions of a legislative enactment nor create substantive rights through exercise of their rulemaking powers. [Citations.] The restraint should apply with special force to rules enacted by civil service boards and commis-

sions, since civil service statutes are deemed a necessary part of the contract of employment of each employee covered by them. [Citations.]" (21 Ill. App. 3d 579, 583-84, 315 N.E.2d 573, 576.)

Plaintiffs point to the "express provision of law" language in *Fahey*; the Commission to the language concerning powers "incident to" express authority and "fair implication and intendment."

The Commission also relies on an opinion of the Attorney General concluding that Merit Commissions established under chapter 34 may prohibit a deputy sheriff from becoming a candidate for political office. (1978 Ill. Op. Att'y Gen. No. 5-1347.) In this opinion, the Attorney General reasoned that the phrase "recognized merit principles of public employment" found in section 58.1 is given content by section 2 of "An Act to define and regulate political activity by merit employees * * *" (Ill. Rev. Stat. 1975, ch. 24½, par. 38t), which regulates political activities of State merit employees. We note however, that section 2 only regulates political activities during working time, while the provision at issue in the instant case also covers nonworking time. Finally, the Commission relies on a circuit court decision, Thomas Brown *et al.* v. Lake County Sheriff's Office Merit Commission *et al.*, 76 CH 65, upholding the constitutionality of article II, section 7, of the Commission's Rules and Regulations. Apparently this decision was not appealed.

■■ In issuing the preliminary injunction, the trial court found that the Commission was without authority to enact a rule limiting the political activities of sheriff's deputies. We disagree. Unlike *Fahey*, in this case the Commission can point to analogous statutory provisions (*i.e.*, Ill. Rev. Stat. 1979, ch. 125, pars. 63, 114; ch. 24½, par. 38t) to show that a rule limiting political activities is within "recognized merit principles of public employment." Thus, we conclude that the Commission has the authority to enact some kind of limitation on the political activities of deputy sheriffs. We note that the Appellate Court for the Third District reached a similar conclusion in analyzing the analogous situation of municipalities and the municipal code. (See *Redemske v. Village of Romeoville* (1980), 85 Ill. App. 3d 286, 406 N.E.2d 602.) In holding that the Commission has the authority to enact a limitation on political activities we wish to make it clear that we are reserving judgment on scope of the rule actually adopted. While plaintiffs raised a number of constitutional challenges to the rule, the trial court did not rule on these issues, although it noted that they "may have merit." Unlike the *Redemske* case, the instant case comes before us on an interlocutory appeal without an evidentiary record. This being the case, we rule only on the narrow question before us: whether the trial court's issuance of a preliminary injunction on the grounds of a lack of authority to adopt rules and regulations limiting political activities by classified personnel was proper.

For the foregoing reasons the judgment of the Circuit Court of Lake County is reversed and this cause is remanded for further proceedings not inconsistent with this opinion including, but not limited to, a reevaluation of the plaintiffs' likelihood of success on the merits.

Reversed and remanded.

SEIDENFELD, P. J., and WOODWARD, J., concur.