MATTHEW SCHALZ *et al.*, Plaintiffs-Appellants, v. THE McHENRY COUNTY SHERIFF'S DEPARTMENT MERIT COMMISSION *et al.*, Defendants-Appellees.

Second District   No. 2—84—0631

Opinion filed August 12, 1985.

Thomas F. McGuire, of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Edward J. King and Vincenzo Chimera, Assistant Attorneys General, of Chicago, of counsel), for appellees.

JUSTICE SCHNAKE delivered the opinion of the court:

Plaintiffs, full-time deputy sheriffs, challenged the authority of the defendant, the McHenry County Sheriff's Department Merit Commission (the commission) to enact a rule pertaining to their secondary employment. In the circuit court plaintiffs sought declaratory and injunctive relief, and from the granting of the commission's motion for

summary judgment, plaintiffs appeal.

The statutes governing the sheriff's merit commission are found in the Sheriff's Merit System Act (Ill. Rev. Stat. 1983, ch. 125, par. 151 *et seq.*). Two statutes give guidance to the commission's authority to promulgate the type of rules at issue in this case. Section 7 of the Act (Ill. Rev. Stat. 1983, ch. 125, par. 157) provides:

"The Merit Commission shall have the duties, pursuant to recognized merit principles of public employment, of certification for employment and promotion, and, upon complaint of the sheriff or states attorney as limited in this Act, to discipline or discharge as the circumstances may warrant."

Also pertinent is section 9 (Ill. Rev. Stat. 1983, ch. 125, par. 159), which provides in part:

"Pursuant to recognized merit principles of public employment, the Commission shall formulate, adopt and put into effect, rules, regulations and procedures for its operation and the transaction of its business."

The rules of the Commission here questioned are:

A. Section 15

"All full-time deputy sheriffs who desire to take upon themselves secondary employment, whether it be salaried or contractual, shall first seek the approval of the Sheriff for said employment. The Sheriff, upon written request of the deputy, shall make his recommendation of approval or disapproval in writing to the Merit Commission. The Merit Commission shall then act to approve or disapprove the request. The Merit Commission decision shall be final."

B. Section 16

"No full-time deputy sheriff shall perform while on or off duty any function or duty that is normally of the Sheriff's Department for his or her private gain or in exchange of any article of value."

"All extra off duty patrol or security services when performed for hire by any deputy, shall be done so only when authorized and approved by the Sheriff. All off duty special process service shall be performed by a deputy only when authorized and approved by the Sheriff. Said approvals shall be forwarded to the Commission."

Rules restricting the secondary employment of public employees have been interpreted and their enforcement has been upheld in a number of cases. (See *Phillips v. Hall* (1983), 113 Ill. App. 3d 409, 447 N.E.2d 418; *Weisenritter v. Board of Fire & Police Commission-*

*ers* (1978), 67 Ill. App. 3d 799, 385 N.E.2d 336; *Chigaros v. Murphy* (1975), 27 Ill. App. 3d 545, 327 N.E.2d 12; *Hayes v. Civil Service Com.* (1952), 348 Ill. App. 146, 108 N.E.2d 505.) However, in none of those cases was the express authority of the rulemaking body at issue. While many courts have upheld regulations aimed at curtailing secondary employment of public employees to avoid conflicts of interest, the plaintiffs in this case do not challenge the scope or application of these rules to their conduct. Instead, the plaintiffs challenge the merit commission's authority to promulgate these rules.

■ Administrative rules and regulations must be authorized by statute, and the statute may not be altered or added to by the making of administrative rules and regulations thereunder. (*Northern Illinois Automobile Wreckers & Rebuilders Association v. Dixon* (1979), 75 Ill. 2d 53, 387 N.E.2d 320, *cert. denied* (1979), 444 U.S. 844, 62 L. Ed. 2d 57, 100 S. Ct. 87.) Administrative agencies possess only the authority expressly conferred upon them by statute, or that which by fair implication and intendment is incident to the authority expressly conferred for the purpose of accomplishing the objectives of the agency. *Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 315 N.E.2d 573.

Plaintiffs argue that section 9 of the Sheriff's Merit System Act (Ill. Rev. Stat. 1983, ch. 125, par. 159) clearly refers only to the ability of the commission to set up rules for itself, not for the operation of the sheriff's office, while the commission contends that this language sanctions the subject rules.

Plaintiffs rely on another statute which provides, in part, that "[i]n counties of less than 1 million population, the sheriff shall control the internal operations of his office" (Ill. Rev. Stat. 1983, ch. 125, par. 14a) to support their argument that the sheriff, rather than the commission, may establish such rules of conduct.

■ Any express statutory provisions dealing with secondary employment of deputy sheriffs must be considered to ensure that the rules and regulations enacted do not conflict with express statutory intendment. (See *Schrader v. Krok* (1980), 88 Ill. App. 3d 783, 410 N.E.2d 1013; *Cook County Police & Corrections Merit Board v. Illinois Fair Employment Practices Com.* (1978), 59 Ill. App. 3d 305, 376 N.E.2d 11; *Zurek v. Cook County Police & Corrections Merit Board* (1976), 42 Ill. App. 3d 1044, 356 N.E.2d 1079; *Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 315 N.E.2d 573.) The only statutory provisions found which refer to a deputy sheriff's secondary employment are sections 20 and 21 of "An Act to revise the law in relation to sheriffs" (Ill. Rev. Stat. 1983, ch.

125, pars. 20, 21), which provide that a deputy sheriff may not hold the office of county treasurer and shall not appear as an attorney for any party, or become security for any person in a civil or criminal action or proceeding.

In *Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 315 N.E.2d 573, the court held that the merit board had no authority to determine a compulsory retirement age of 60 for members of the Cook County police department. The court found a mandatory retirement age of 60 to be in direct conflict with the express statutory provisions which stated that removal was to be only for cause, and to be a departure from the customary approach of civil service legislation on the question of compulsory retirement. Moreover, the court did not find compulsory retirement to be part of the authority of the board to formulate rules pursuant to recognized merit principles of public employment.

The commission relies upon *Schrader v. Krok* (1980), 88 Ill. App. 3d 783, where this court upheld the authority of a similar merit body to enact rules limiting the political activities of sheriff's personnel. The opinion in that case quoted with approval the following language from *Fahey*:

> " 'In Illinois, the boards and commissions regulating merit employment systems exercise purely statutory powers and must find within the governing statutes warrant for the exercise of any claimed authority. [Citations.] Administrative agencies possess only such authority as is legally conferred by express provision of law or such as, by fair implication and intendment, is incident to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the objectives for which those agencies were created. [Citations.] Thus, it has been said that such bodies cannot extend the substantive provisions of a legislative enactment nor create substantive rights through exercise of their rulemaking powers. [Citations.] The restraint should apply with special force to rules enacted by civil service boards and .commissions, since civil service statutes are deemed a necessary part of the contract of employment of each employee covered by them. [Citations.]' (21 Ill. App. 3d 579, 583-84, 315 N.E.2d 573, 576.)" 88 Ill. App. 3d 783, 786.

But *Schrader* distinguished and did not follow *Fahey* on the very significant basis that whereas in *Fahey* there were no statutory provisions analogous to the merit board rules, there were statutory enactments "to show that a rule limiting political activities is within 'recog-

nized merit principles of public employment.' " (*Schrader v. Krok* (1980), 88 Ill. App. 3d 783, 787.) No such vital distinction is present here, for we find no statutory law whatsoever regulating deputies' off-duty employment.

■■ Therefore, because there is no statutory provision authorizing the commission to adopt the subject rules, and because the rules do not relate to certification for employment or promotion, we reverse, and we remand the cause to the circuit court of McHenry County for the granting of the injunctive relief sought by plaintiffs.

Reversed and remanded.

REINHARD and HOPF, JJ., concur.