RICHARD M. DALEY, Plaintiff-Appellant, v. ZEBRA ZONE LOUNGE, INC., *et al.*, Defendants-Appellees.—RICHARD M. DALEY *et al.*, Plaintiffs-Appellants, v. TROPICAL HUT, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 1—91—1084, 1—91—1086 cons.

Opinion filed October 16, 1992.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Brian Trubitt, Assistant Corporation Counsel, of counsel), for appellants.

No brief filed for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs are Chicago Mayor Richard M. Daley (Daley) and the City of Chicago (City). They bring this consolidated appeal against Zebra Zone Lounge, Inc. (Zebra Zone), and the Tropical Hut, Inc. (Tropical Hut). Plaintiffs contend that the trial court erred as a matter of law when it dismissed their actions because they did not have standing to bring a complaint in administrative review. Although defendants have not filed an appellee's brief in this matter, we will consider the merits pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131-33, 345 N.E.2d 493.

In the *Zebra Zone* case, Daley, in his capacity as the local liquor control commissioner of the City, filed a complaint for administrative review. In it Daley alleged that defendant Zebra Zone had appealed the refusal of a retail liquor license in its behalf. The License Appeal Commission (Commission) entered an order reversing Daley's decision. Daley also alleged that, as the local liquor control commissioner, he was seeking judicial review of the Commission's decision.

In the record is a transcript of the proceedings before the Commission in which Patricia Eugenia Kristopolous, owner of the Zebra Zone Lounge, appealed from Daley's denial of her application for a liquor license. According to her testimony, the City had previously reassured her that she was eligible for such a license, and in reliance thereon she had invested considerable money to start her new business. Subsequently, however, the City told her that she was in violation of an ordinance and denied her request for the license. Also according to the record, the Commission reversed the order denying the application and denied the City's petition for a rehearing.

There is no motion to dismiss the complaint in the record. However, in its memorandum in opposition to defendants' motion to dismiss, plaintiffs argued that the legislative history of the relevant liquor control statute supported the local commissioner's right to appeal the decisions of the Commission. Nevertheless, following a hearing the trial court granted defendants' motion to dismiss on February 19, 1991, because Daley lacked standing to bring an action for administrative review in the circuit court.

In the Tropical Hut case, Daley and the City filed their complaint for administrative review, alleging that Ora Dean Hawkins Laster, as sole officer and shareholder of the Tropical Hut, had been denied a retail liquor license. Also, according to the complaint, the Commission reversed the denial of the application and also denied plaintiffs' application for rehearing. Plaintiffs requested that the Commission's decision be reversed and the denial of the Laster application be affirmed.

In the record is the transcript of the administrative proceedings before the Commission, as well as what appear to be photocopies of corporate documents of Tropical Hut. Also in the record is the order of the Commission which reversed Daley's denial of the application, as well as the order which denied his request for a rehearing.

Tropical Hut filed a motion to dismiss plaintiff's complaint (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) contending that Daley, as the local liquor commissioner, did not have statutory authority to seek administrative review from the Commission's order. (Ill. Rev. Stat. 1989, ch. 43, par. 153.) Following a hearing the trial court granted

defendant's motion to dismiss on February 19, 1991, stating that "the court having no jurisdiction to hear the matter brought before it."

In this consolidated appeal plaintiffs contend that a local liquor commissioner, such as Daley, has standing to seek judicial review of adverse decisions of the Commission. A circuit court has the power to review administrative actions as provided by law. (*Greer v. Illinois Liquor Control Comm'n* (1989), 185 Ill. App. 3d 219, 221, 541 N.E.2d 216.) According to *Greer*, a liquor control commissioner is not a party "aggrieved" by a reversal of his own administrative decision and, therefore, he has no standing, absent a statute, to seek judicial review. *Greer*, 185 Ill. App. 3d at 223.

■ Section 4—2 of the Illinois Liquor Control Act of 1934 (Ill. Rev. Stat. 1989, ch. 43, par. 111) (Act) reads in relevant part:

> "The Mayor *** of each city *** shall be the local liquor control commissioner for their respective cities *** and shall be charged with the administration *** of the appropriate provisions of this Act and of such ordinances and resolutions relating to alcoholic liquor as may be enacted ***."

Section 7—8 of the Act (Ill. Rev. Stat. 1989, ch. 43, par. 152) reads in relevant part:

> "For each city *** having a population of 500,000 or more inhabitants, there is established a license appeal commission ***."

Section 7—9 of the Act (Ill. Rev. Stat. 1989, ch. 43, par. 153) reads in relevant part:

> "All of the provisions of this Section *** relative to proceedings upon appeals before the State Commission and relative to appeals from the decisions of the State Commission shall apply also to proceedings upon appeals before any license appeal commission and appeals from the decisions of license appeal commission."

Section 7—11 of the Act (Ill. Rev. Stat. 1989, ch. 43, par. 154a) reads in relevant part:

> "All final administrative decisions of the State Commission hereunder shall be subject to judicial review pursuant to the provisions of the Administrative Review Law ***."

This section was amended effective January 1, 1991, to also provide in relevant part:

> "Judicial review may be requested by any party in interest, including but not limited to the local liquor control commissioner." Ill. Rev. Stat. 1991, ch. 43, par. 154a.

If a statute creating or conferring power on an administrative agency expressly adopts the Administrative Review Law, then the provisions of that act govern every action to review the agency's decision. (*Dubin v. Personnel Board of the City of Chicago* (1989), 128 Ill. 2d 490, 497, 539 N.E.2d 1243.) The issue before us is whether the amendment to section 7—11 of the Act, giving a liquor control commissioner standing to seek judicial review, should be applied retroactively here where the law was changed after the complaint was filed but before final judgment of the circuit court.

■ The question of whether a statute operates retroactively is one primarily of legislative intent. (*National Can Corp. v. Industrial Comm'n* (1986), 148 Ill. App. 3d 1079, 1082, 500 N.E.2d 437.) Whether a statute should be applied retroactively must also be decided on whether justice, fairness and equity require retroactive application. (See *National Can Corp.*, 148 Ill. App. 3d at 1083.) Generally, legislation is not *per se* unconstitutional merely because it is retroactive. (*Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 9, 483 N.E.2d 560.) In fact, subject to due process and impairment-of-contracts limitations, the legislature has the authority to change the law for future cases arising from facts existing prior to the effective date of the legislation which made the change. *Sanelli*, 108 Ill. 2d at 10.

A subsequent amendment to a statute may reveal the legislature's intent in enacting a statute, especially where the amendment was enacted soon after controversy developed over the original version. (*Seibring v. Parcell's, Inc.* (1987), 151 Ill. App. 3d 1003, 1005, 503 N.E.2d 1126.) Retroactive application is especially appropriate where the amendment does not change the law but merely serves to clarify a statute. (*Matviuw v. Johnson* (1982), 111 Ill. App. 3d 629, 632-33, 444 N.E.2d 606.) Consequently, in the absence of contrary legislative intent or manifest injustice, courts will apply the law in effect at the time of their decisions. *General Telephone Co. v. Johnson* (1984), 103 Ill. 2d 363, 377, 469 N.E.2d 1067 (if the amendment merely clarified the law as it existed before, then no substantive change occurred which would raise a due process issue); see also *Hadley v. Board of Trustees of the Firemen's Pension Fund* (1983), 113 Ill. App. 3d 866, 869, 447 N.E.2d 958 (a substantive statute may provide that entities who are not parties to the administrative proceeding have standing to appeal).

■ In the case at bar, the statutory amendment giving a mayor authority, as local liquor control commissioner, to bring an action in the circuit court for administrative review was passed soon after *Greer* was decided. In our opinion the amendment clarified the exist-

ing statute, and as the legislative history indicates (86th Ill. Gen. Assem. House Proceedings, May 18, 1990, at 225-26), the amendment was a reaction to overturn the *Greer* decision. Moreover, the statute states that appeals from the local appeal commission are to be considered procedurally equivalent to those from the State Commission. That being so, it logically follows that a retroactive amendment explicitly giving a local liquor control commissioner standing to bring an action in review would necessarily apply to standing to seek review from a liquor appeal commission. This conclusion would be further supported by the fact that section 7—9 of the Act was not simultaneously amended to exclude the modification to section 7—11 of the Act.

Retroactive application of the amended statute is also the just and equitable result in this case, because prior to *Greer* local liquor commissioners had successfully brought similar actions. (See *Byrne v. Stern* (1981), 103 Ill. App. 3d 601, 602, 431 N.E.2d 1073 (local liquor control commissioner appealed from an order of the circuit court affirming the license appeal commissioner's decision); *Carbondale Local Liquor Control Comm'n v. Illinois Liquor Control Comm'n* (1980), 84 Ill. App. 3d 325, 326, 405 N.E.2d 433 (local liquor control commissioner appealed from the judgment of the circuit court); *Palmer v. Illinois Liquor Control Comm'n* (1979), 77 Ill. App. 3d 725, 726, 396 N.E.2d 325 (mayor, as local liquor control commissioner, appealed to the circuit court); *Local Liquor Control Comm'n v. Illinois Liquor Control Comm'n* (1978), 59 Ill. App. 3d 1, 2, 374 N.E.2d 1298 (local liquor control commission was plaintiff on administrative review).) Because we have concluded that Daley has standing to seek judicial review of the Commission's decision based on the amendment to section 7—11 of the Act and relevant case law, we need not address plaintiffs' remaining contentions.

For the above reasons, the orders of the circuit court of Cook County dismissing plaintiffs' complaints for lack of jurisdiction are reversed and the causes remanded for proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

McNULTY, P.J., and GORDON, J., concur.