RONNIE F. FRYE, d/b/a Ron's Circle Tap, Plaintiff-Appellant, v. ILLINOIS LIQUOR CONTROL COMMISSION, Defendant-Appellee.

Third District No. 3—93—0280

Opinion filed November 12, 1993.

Michael E. Brandt and Jack Boos, both of Brandt & Boos, of Peoria, for appellant.

Roland W. Burris, Attorney General, of Springfield (Susan Frederick Rhodes, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Following a hearing, the liquor commissioner of the Village of Bartonville (the local Commissioner) revoked the plaintiff's liquor license. Thereafter, the plaintiff filed a petition for administrative review to the Illinois Liquor Control Commission (the Commission). The Commission found that the local Commissioner's decision was supported by the evidence except as to the penalty. Accordingly, the Commission modified the penalty by imposing a 10-day suspension with three days served. The plaintiff subsequently filed a complaint for administrative review of the Commission's decision in the circuit court of Peoria County. The complaint named only the Illinois Liquor Control Commission as a defendant. The circuit court granted the Commission's motion to dismiss finding that the plaintiff's failure to name the local Commissioner as a party and to issue summons on the same within 35 days was a fatal defect. We affirm.

The sole issue presented on appeal is whether the local liquor control Commissioner is a necessary party so that the plaintiff's failure to name him as a party and issue summons thereon was grounds for dismissal.

It is well settled that the failure to name a necessary party and have summons issued within the 35-day period for administrative review is a fatal defect and requires that the action be dismissed. *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266.

The plaintiff argues that the local Commissioner was not a necessary party because he was part and parcel of the agency itself rather than a party of record.

We disagree. The local Commissioner and the liquor commission are two separate entities. They have different jurisdiction. The local Commissioner has the initial responsibility of determining whether a liquor license should be revoked or suspended for a violation of the law (Ill. Rev. Stat. 1991, ch. 43, par. 149), while the Commission is charged with the responsibility of reviewing the local Commissioner's decision (Ill. Rev. Stat. 1991, ch. 43, par. 149). In the instant case, it is undisputed that the local Commissioner appeared as a party of rec-

ord before the Commission. Moreover, it has been specifically held that a local liquor control commissioner is a party of record for seeking administrative review. (*Daley v. Zebra Zone Lounge, Inc.* (1992), 236 Ill. App. 3d 511, 603 N.E.2d 785.) The plaintiff relies on *Greer v. Illinois Liquor Control Comm'n* (1989), 185 Ill. App. 3d 219, 541 N.E.2d 216, and *Carbondale Liquor Control Comm'n v. Illinois Liquor Control Comm'n* (1992), 227 Ill. App. 3d 71, 590 N.E.2d 1044, for authority to the contrary. However, the holdings in *Greer* and *Carbondale Liquor Control Comm'n* were based on the absence of a statutory provision for the local liquor commissioners to appeal an adverse ruling of the State liquor commission. The legislature has since responded to those two cases by amending section 7—11 of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1991, ch. 43, par. 154a) to allow a local liquor commissioner as a party in interest to appeal the decisions of the State liquor commission. We elect to follow the precedent in *Daley* and the recent statutory amendment and to hold that the local liquor control commissioner is a necessary party who must be named. Accordingly, we find that the trial court properly dismissed the plaintiff's complaint.

Additionally, we note that this court's recent pronouncement in *McGaughy v. Human Rights Comm'n* (1993), 243 Ill. App. 3d 751, 612 N.E.2d 964, is distinguishable from the present case in that here the local liquor Commissioner was clearly treated as a party in the administrative proceeding while in *McGaughy* the Department of Human Rights was not treated as a party.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SLATER and STOUDER, JJ., concur.