PEKIN MEMORIAL HOSPITAL, k/n/a Pekin Hospital, Plaintiff-Appellee, v. THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellants.

Third District   No. 3—94—0552

Opinion filed July 3, 1995.

James Ryan, Attorney General, of Chicago (Jerald S. Post, Assistant Attorney General, of counsel), for appellants.

Michael J. Holt, of Quinn, Johnston, Henderson & Pretorius, of Peoria (Gery R. Gasick, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The defendant, the Illinois Department of Public Aid (Department), appeals from the granting of summary judgment and statutory attorney fees to the plaintiff, Pekin Memorial Hospital (hospital). The issues are: (1) whether a change in the Public Aid Code (305 ILCS 5/5A—9 (West 1992)) (Code) adopted during the administrative review of a Department audit applies to that audit; and (2) whether the trial court erred in granting attorney fees under subsection 10—55(c) of the Illinois Administrative Procedure Act (5 ILCS 100/10—55(c) (West 1992)). We reverse.

One of the Department's responsibilities is to reimburse hospitals for treating public aid recipients in their emergency rooms. From time to time, the Department conducts audits of its payments for emergency services. During an audit, Department personnel review a random sampling of the emergency room treatment records of public aid recipients to determine whether the visits meet Department criteria for emergency treatment. Because the Department pays less for nonemergency treatment, the hospital may be required to reimburse the Department as a result of an audit.

In June 1988, accountants from the Department conducted an audit of emergency services at Pekin Memorial Hospital. These accountants found that some of the charts did not meet the Department's definition of "emergency." The hospital disputed these findings and requested two additional audits. Dr. Penny Tenzer, a family practitioner and consultant with the Department who was not board certified in emergency room medicine, performed these audits. Based

on her findings, the Department found that the hospital owed it $60,545.49 for excess payments. The Department notified the hospital of its final audit result and issued a notice of intent to recover money on April 6, 1990. The hospital sought administrative review of this decision by the Department.

In response to the hospital's request for review, evidentiary hearings took place before an administrative law judge from 1990 to 1993. At the hearings, the hospital contested the amount of excess payments owed to the Department. The Department relied on Dr. Tenzer's testimony to prove that the charts did not support a higher emergency rate.

Prior to completion of the Department's case in chief on review, the Illinois General Assembly passed a law which required that "any final determination" that would result in reduction in payment to a hospital shall be made by a physician "who is board certified in emergency medicine." (305 ILCS 5/5A—9(4) (West 1992) (subsection 5A—9(4)).) The legislation contained no clause regarding pending litigation, although it did state that subsection 5A—9(4) would apply retroactively to July 1, 1992. (305 ILCS 35/6—5 (West 1992).) Pursuant to the new law, the Department issued an emergency amendment to the Department's regulations. (See 89 Ill. Adm. Code. § 140.31 (1992).) The amendment was virtually identical to section 5A—9. However, the Department added a clause which stated: "This section shall not apply to any audits initiated prior to July 1, 1992." 89 Ill. Adm. Code § 140.31(h) (1992).

Following the adoption of subsection 5A—9(4), the hospital moved to dismiss the administrative proceedings on the ground that the Department had not used a physician who was board certified in emergency room medicine to prove that the charts at issue were not for emergency visits. The administrative law judge (ALJ) recommended denial of the hospital's motion, and the Director of the Department adopted the ALJ's findings.

Subsequently, the hospital filed a complaint for administrative review in the circuit court of Tazewell County. The trial court granted the hospital's motion for summary judgment and reversed the decision of the Department. It held that: (1) subsection 5A—9(4) applied retroactively to the administrative hearings; (2) the Department failed to comply with that subsection; (3) subsection 140.31(h) of the Department's rules was invalid; and (4) since the rule was invalid, the hospital was entitled to attorney fees under subsection 10—55(c) of the Illinois Administrative Procedure Act. After a subsequent hearing, the trial court awarded the hospital $70,073.78 in statutory attorney fees.

The first issue on appeal is whether the new audit requirements in subsection 5A—9(4) apply to this case.

Since the facts in this case are not in dispute, the trial court's decision is based solely upon its interpretation of subsection 5A—9(4). This court must review such a determination *de novo.* (*Board of Education of Community High School District No. 155 v. Illinois Educational Labor Relations Board* (1993), 247 Ill. App. 3d 337, 617 N.E.2d 269.) The question of whether a statute operates retroactively is one of legislative intent. (*Daley v. Zebra Zone Lounge, Inc.* (1992), 236 Ill. App. 3d 511, 603 N.E.2d 785.) In general, substantive changes in the law will be applied prospectively, and procedural changes may be applied retroactively, provided that is the intent of the legislature. *Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303, 522 N.E.2d 1195.

■ Subsection 5A—9(4) provides that any final determination reducing a hospital's payment must be made by a physician board certified in emergency medicine. This is a change in the procedure by which audits are conducted. Thus, it may be applied retroactively if that was the intent of the legislature. To determine whether the legislature intended for subsection 5A—9(4) to apply retroactively to cases such as the case at bar, we must decide whether the phrase "any final determination" refers to the audit itself or to the administrative proceedings following an audit.

Section 5A—9 is entitled "Emergency services audits." (305 ILCS 5/5A—9 (West 1992).) This section concerns only the audit and does not address the post-audit administrative hearing procedures. Moreover, the Department rules provide that the audit itself concludes with a "final audit result," which must be given to the hospital within 90 days of the completion of the field audit. (89 Ill. Adm. Code § 140.590(d) (1994).) At that point, the Department must issue the hospital a notice of intent to recover money, which becomes the "final and binding administrative determination" if the hospital fails to request an administrative hearing. (89 Ill. Adm. Code § 104.210(d) (1994).) Based on these facts, we conclude that the audit itself is the "final determination" contemplated by subsection 5A—9(4). Since the audits involved in the instant controversy were completed two years before the effective date of statute, we hold that the audit requirements in subsection 5A—9(4) are inapplicable to this case.

The next issue on appeal is whether the trial court erred when it found that the hospital was entitled to payment of attorney fees from the Department.

An administrative agency cannot, by its rules and regulations, alter, extend, or limit the provisions of a legislative enactment.

(*Schalz v. McHenry County Sheriff's Department Merit Comm'n* (1985), 135 Ill. App. 3d 657, 482 N.E.2d 127.) Additionally, in any case in which a party has an administrative rule invalidated by a court for any reason, the court shall award attorney fees. 5 ILCS 100/10—55(c) (West 1992).

■ As a basis for granting the fees, the trial court held that the Department invalidly extended subsection 5A—9(4) by creating a rule which stated that the new audit requirements would not apply to audits initiated prior to July 1, 1992. (See 89 Ill. Adm. Code § 140.31(h) (1992).) That argument is certainly well taken. However, because subsection 5A—9(4) does not apply to this case, the issue of whether the Department invalidly extended the scope of that subsection by its rule should not have been decided by the trial court. Accordingly, we reverse the award of attorney fees.

Based on the foregoing analysis, the judgment of the circuit court of Tazewell County is reversed.

Reversed.

STOUDER, P.J., and LYTTON, J., concur.