JERRY C. GREER, Local Liquor Control Commissioner of the City of Wood Dale, Plaintiff-Appellant, v. THE ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees.

Second District   No. 2—88—0429

Opinion filed June 30, 1989.—Rehearing denied August 1, 1989.

John J. Zimmermann and Erwin W. Jentsch, both of Bradtke & Zimmermann, of Mount Prospect, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for appellee Illinois Liquor Control Commission.

John J. Curry, Jr., and Thomas W. Fawell, both of Katten, Muchin & Zavis, of Chicago, for appellee Butterfield Realty Investments.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Jerry Greer, acting in his capacity as the liquor control commissioner for the City of Wood Dale, seeks to appeal from a judgment of the circuit court which affirmed a decision of the Illinois Liquor Control Commission (ILCC) vacating a $4,000 fine levied by plaintiff against defendant, Brookwood Country Club. On appeal, plaintiff contends that the ILCC's decision was against the manifest weight of the evidence. For the reasons set forth below, we dismiss the appeal.

On May 15, 1986, plaintiff issued a notice of hearing to the Brookwood Country Club, directing the club to show cause why it should not have its liquor license suspended or revoked because it had renovated its clubhouse and failed to obtain from the City of Wood Dale building, zoning, and occupancy permits required by the municipal code. The club admitted to the violations, and plaintiff fined it $4,000.

The club appealed the fine to the ILCC, which held that plaintiff's

order was valid in all respects except for the fine, which ILCC vacated. Plaintiff's petition for rehearing was denied, and he filed a complaint for administrative review in the circuit court of Du Page County. The trial court found that the decision of the ILCC was not against the manifest weight of the evidence and affirmed it. Plaintiff now seeks further review by this court.

As a reviewing court, we have a duty to determine whether we have jurisdiction to entertain an appeal. (*Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539, 470 N.E.2d 290, 292.) If a trial court did not have jurisdiction, the parties cannot confer jurisdiction on a reviewing court merely by taking an appeal. (*In re Estate of Randell* (1973), 12 Ill. App. 3d 640, 641, 298 N.E.2d 735, 736.) We find that as the trial court lacked jurisdiction to hear this case, we do not have jurisdiction to review its decision and must dismiss the appeal.

A circuit court has the power to review administrative actions only as provided by law (Ill. Const. 1970, art. VI, §9), and article III of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 3—101 through 3—112) sets out the procedure for such administrative review. In most cases, jurisdiction to initially review a final administrative decision is vested in the circuit court. (Ill. Rev. Stat. 1985, ch. 110, par. 3—104.) An administrative decision is defined as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties." (Ill. Rev. Stat. 1985, ch. 110, par. 3—101.) The right to seek review of an administrative decision is limited to parties of record in the proceeding whose rights, privileges or duties are affected by the decision. *O'Hare International Bank v. Zoning Board of Appeals* (1972), 8 Ill. App. 3d 764, 766, 291 N.E.2d 349, 351.

If a court's power is controlled by statute, the court is governed by the limited grant of jurisdiction, and, to invoke the court's jurisdiction in a limited area, all the necessary elements required by statute must be present. (*Brown v. VanKeuren* (1930), 340 Ill. 118, 120, 172 N.E. 1, 3.) In the present case, we must determine whether a local liquor commissioner can be considered as a party of record whose rights, duties or privileges are affected by the reversal, in whole or part, of the liquor commissioner's decision by the Illinois Liquor Control Commission so as to permit the commissioner to seek judicial review.

In *Speck v. Zoning Board of Appeals* (1982), 89 Ill. 2d 482, 433 N.E.2d 685, our supreme court determined that a zoning board of appeals did not have standing to pursue an appeal from a circuit court

judgment which reversed a decision of the board. The court concluded that the zoning board lacked standing to appeal because it had not been given a statutory grant of authority to do so and that the board's duty was to conduct hearings and render decisions, giving the board a quasi-judicial status. *Speck*, 89 Ill. 2d at 485-86, 433 N.E.2d at 687.

The *Speck* reasoning has been applied by this court in the context of the right of dissenting members of an administrative body to appeal a decision of that body. In *Hadley v. Board of Trustees of the Firemen's Pension Fund* (1983), 113 Ill. App. 3d 866, 447 N.E.2d 958, we concluded that dissenting members of a pension board did not have standing to challenge the pension board's final decision because the board members were part of a quasi-judicial body and the Pension Code did not give the individual board members authority to appeal. (*Hadley*, 113 Ill. App. 3d at 869-70, 447 N.E.2d at 961-62.) Applying *Speck* and *Hadley* to the present case leads us to conclude that the plaintiff local liquor control commissioner does not have standing to prosecute an appeal to the circuit or appellate court from a decision of the Illinois Liquor Control Commission.

■ The plaintiff is the local liquor control commissioner for the City of Wood Dale. Article IV of the Liquor Control Act of 1934 (Act) (Ill. Rev. Stat. 1985, ch. 43, pars. 110 through 114a) sets out the powers and duties of a local liquor control commissioner who is empowered to receive and act upon complaints from citizens. (Ill. Rev. Stat. 1985, ch. 43, par. 112(5).) Other provisions authorize the commissioner to conduct hearings on a complaint (Ill. Rev. Stat. 1985, ch. 43, par. 151) and require him to follow certain procedures in conducting such hearings (Ill. Rev. Stat. 1985, ch. 43, par. 149). Appeals from a decision of the local liquor control commissioner may be taken to the State Commission by any resident under the jurisdiction of the local commissioner or any person interested. (Ill. Rev. Stat. 1985, ch. 43, par. 153.) It seems clear that, under the statute, the commissioner exercises quasi-judicial powers and that the legislative scheme for review of the local commissioner's decisions does not contemplate that he should appeal either from or in support of his own decision.

■ We note that both Wood Dale's liquor control ordinances and the statute give the local commissioner the power to initiate complaints, and that the complaint in the present case was brought by the commissioner. However, this power is similar to a court's power to *sua sponte* issue a rule to show cause. The court's action in issuing a rule does not make it a litigant, and the local commissioner's action in filing a complaint does not detract from his primary function as a

quasi-judicial body, and, as such, he may not appeal from a reversal of his decision by the State liquor control commission.

■ However, *Speck* also holds that a quasi-judicial body may appeal if statutorily authorized to do so (89 Ill. 2d at 485), and section 7—9 of the Act (Ill. Rev. Stat. 1985, ch. 43, par. 153) sets out procedures for appealing the decision of a local commissioner to the ILCC. If the ILCC finds that the local commissioner's decision was incorrect, "[a] certified copy of the order shall be transmitted to the particular liquor control commissioner and it shall be the duty of the local liquor control commissioner to take such action as may be necessary to conform with the order." (Ill. Rev. Stat. 1985, ch. 43, par. 153.) The commissioner is thus directed to conform to the terms of the ILCC order, and no provision is made in the Act for the local commissioner to appeal that decision. While not deciding the question whether a municipal ordinance would be sufficient to give the commissioner standing, we note that Wood Dale's liquor control ordinance does not purport to give the local commissioner the authority to file a complaint for administrative review of a decision of the ILCC.

■ In summation, the local liquor control commissioner is not a party aggrieved by reversal of his own administrative decision by the ILCC because he is a quasi-judicial body and has not been given a statutory grant of authority to seek administrative review. Thus, the commissioner does not have standing to file a complaint for such review in the circuit court. Because the statutory grant of jurisdiction to the circuit court to review administrative decisions is limited, all elements of the empowering statute must be met in order to vest the circuit court with jurisdiction. In this case, the party-aggrieved element has not been satisfied, and as the circuit court did not have jurisdiction, its judgment must be vacated. As this court lacks jurisdiction to consider the merits of the appeal, it must be dismissed.

Appeal dismissed.

DUNN and REINHARD, JJ., concur.