THE CARBONDALE LIQUOR CONTROL COMMISSION, Plaintiff-Appellant, v. THE ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees.—THE CARBONDALE LIQUOR CONTROL COMMISSION, Plaintiff-Appellant, v. THE ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees.—THE CARBONDALE LIQUOR CONTROL COMMISSION, Plaintiff-Appellant, v. THE ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees.

Fifth District   No. 5—90—0779

Opinion filed April 14, 1992.

Michael L. Wepsiec, City Attorney, of Carbondale, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jerald S. Post, Assistant Attorney General, of Chicago, of counsel), for appellee Illinois Liquor Control Commission.

Robert P. Schulhof, of Carbondale, for appellees Beer Barn, Inc., and Saluki Liquors, Inc.

No brief filed for appellee 611 Barbeque, Inc.

JUSTICE CHAPMAN delivered the opinion of the court:

Carbondale Liquor Control Commission (Local Commission or plaintiff) appeals from the trial court's orders which held that the Local Commission had no standing to appeal the final orders of the Illinois Liquor Control Commission (State Commission). We affirm.

Defendants Beer Barn, Inc. (Beer Barn), Saluki Liquors, Inc. (Saluki), and 611 Barbeque, Inc., d/b/a King's Wok (King's Wok), each applied for retail package-liquor licenses with the Local Commission. The Local Commission denied the licenses, and defendants appealed to the State Commission. In August 1990, the State Commission reversed the Local Commission. The Local Commission filed petitions for rehearing pursuant to statute (Ill. Rev. Stat. 1989, ch. 43, par. 154). In the orders denying the petitions for rehearing, the State Commission stated:

> "You are hereby notified that you have THIRTY-FIVE (35) days, from the date of service of this Order upon you, to commence an action for Administrative Review in the Circuit Courts of Illinois (Ill. Rev. Stat. ch. 110, Section 3—103, 1989)."

Plaintiff filed complaints for administrative review on September 19, 1990. Defendants in the Beer Barn and Saluki cases filed motions to strike and/or dismiss the complaints. In addition to a motion to strike and/or dismiss the complaint filed by the State Commission in the King's Wok case, King's Wok filed a motion to dismiss the Local Commission's complaint. The circuit court heard arguments on the motions in the Beer Barn and Saluki cases, and on November 9, 1990, entered an order granting the motions to strike the complaints. In its order the trial court found that the plaintiff did not have standing to seek administrative review. On November 19, 1990, the circuit court entered an order in the King's Wok case dismissing the plaintiff's complaint for administrative review because

> "the issue of jurisdiction and standing raised by the motions in the instant case are the same issues raised in 90—MR—44 and 90—MR—46 in which this Court previously has heard arguments and later ruling thereon. *** [T]his Court finds as a matter of law that the plaintiff herein does not have standing to bring the instant Administrative Review action."

The Local Commission appeals from the court's orders entered in each of the three cases.

The circuit court, in dismissing the complaints for administrative review, relied upon *Greer v. Illinois Liquor Control Comm'n* (1989), 185 Ill. App. 3d 219, 541 N.E.2d 216, *appeal denied* (1989), 128 Ill. 2d 663, 548 N.E.2d 1068. The Local Commission argues that *Greer* is inapplicable to the instant case because the facts in *Greer* are distinguishable from those in the instant case. The Local Commission also contends that *Greer* does not reflect the legislative intent of section 7—11 of the Liquor Control Act of 1934 (Ill. Rev. Stat., 1990 Supp., ch. 43, par. 154a). Finally, the Local Commission argues that to deny administrative review in this case would result in an unredressed violation of the Illinois constitutional provision relating to home rule powers.

Regarding plaintiff's first point, we find the holding in *Greer* applicable to the case at bar. The plaintiff Greer, acting in his capacity as the liquor control commissioner for the City of Wood Dale, appealed from a judgment of the circuit court which affirmed a decision of the State Commission vacating a fine levied by Greer against the Brookwood Country Club. On appeal it was determined that as the trial court lacked jurisdiction to hear the case, the appellate court was also without jurisdiction. The appellate court vacated the trial court's judgment and dismissed Greer's appeal. The court held that the local liquor control commission is not a party aggrieved by reversal of its

own administrative decision by the State Commission because it is a quasi-judicial body and has not been given a statutory grant of authority to seek administrative review.

■ The Local Commission argues that it did not act in a quasi-judicial capacity here, and therefore, *Greer* does not apply. Contrary to plaintiff's assertions, however, the Local Commission does function in a quasi-judicial role. The Local Commission argues that because it conducted no hearings on a complaint, it acted in a quasi-executive role and not in a quasi-judicial capacity. Such an argument is meritless as it fails to consider the primary role of the Local Commission. As pointed out in *Greer*, the Local Commission by statute exercises quasi-judicial powers and has the authority to conduct hearings on complaints. "[T]he local commissioner's action in filing a complaint does not detract from his *primary function* as a quasi-judicial body." (Emphasis added.) *Greer*, 185 Ill. App. 3d at 222-23, 541 N.E.2d at 218.

As set forth in *Greer*:

> "A circuit court has the power to review administrative actions only as provided by law (Ill. Const. 1970, art. VI, §9), and article III of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 3—101 through 3—112) sets out the procedure for such administrative review. *** An administrative decision is defined as 'any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges *of parties.*' (Ill. Rev. Stat. 1985, ch. 110, par. 3—101.) *The right to seek review* of an administrative decision *is limited to parties* of record in the proceeding *whose rights, privileges or duties are affected by the decision. O'Hare International Bank v. Zoning Board of Appeals* (1972), 8 Ill. App. 3d 764, 766, 291 N.E.2d 349, 351." (Emphasis added.) *Greer*, 185 Ill. App. 3d at 221, 541 N.E.2d at 217-18.

■ The Local Commission argues that notwithstanding the *Greer* decision, it must be considered to be a party whose duties are affected by the decision of the State Commission. We disagree.

The case of *Speck v. Zoning Board of Appeals* (1982), 89 Ill. 2d 482, 433 N.E.2d 685, relied on in *Greer*, is authoritative in addressing the issue at bar. *Speck* determined that a zoning board of appeals did not have standing to pursue an appeal from a circuit court judgment which reversed the board's decision. The supreme court held that the zoning board lacked standing to appeal because the board's duty was to conduct hearings and render decisions, and it had not been given a

statutory grant of authority to appeal. Based upon the reasoning in *Speck*, we conclude that the Local Commission's responsibility to protect the public interest does not authorize it to act as a representative of the public for the purpose of vindicating its own decision on appeal. See *Speck*, 89 Ill. 2d at 486, 433 N.E.2d at 687.

The Local Commission next argues that to deny it standing to appeal would be contrary to the legislative intent of section 7—11 of the Liquor Control Act of 1934.

> "Judicial review. All final administrative decisions of the State Commission under this Act shall be subject to judicial review pursuant to the provisions of the Administrative Review Law and the rules adopted pursuant thereto. *Judicial review may be requested by any party in interest, including but not limited to the local liquor control commissioner.* The term 'administrative decision' is defined as in Section 3—101 of the Code of Civil Procedure." (Emphasis added.) (Ill. Rev. Stat., 1990 Supp., ch. 43, par. 154a.)

That portion of the statute which is emphasized was added by Public Act 86—1279 and became effective January 1, 1991, which is subsequent to the circuit court's dismissal of the Local Commission's complaints for lack of standing.

Plaintiff points out that section 7—11 (Ill. Rev. Stat., 1990 Supp., ch. 43, par. 154a) provides that *"all* final administrative decisions \*\*\* shall be subject to judicial review" (emphasis added), and argues that the word *all* demonstrates that the legislature intended that local commissions have the right to seek review. We disagree.

■ The primary rule of statutory construction is that the court give effect to the intent of the legislature. When construing a statute the court should first look to the language of the statute and give the terms therein their plain and ordinary meaning. (*People v. Ullrich* (1990), 135 Ill. 2d 477, 483, 553 N.E.2d 356, 359.) Reading the word *all* in the context of the entire sentence from which it is taken, it is clear that judicial review of administrative decisions is governed by the "provisions of the Administrative Review Law and the rules adopted pursuant thereto." (Ill. Rev. Stat., 1990 Supp., ch. 43, par. 154a.) As previously discussed, the right to seek review of an administrative decision is limited to parties of record whose rights, privileges or duties are affected by the decision. (*Greer*, 185 Ill. App. 3d at 221, 541 N.E.2d at 217, citing *O'Hare*, 8 Ill. App. 3d at 766, 291 N.E.2d at 351.) The Local Commission is not a party aggrieved by reversal of its own administrative decision because it is a quasi-judicial body and has not been given a statutory grant of authority to seek administrative

review. This conclusion is consistent with the plain and ordinary meaning of section 7—11 as it existed prior to the recent amendment of that statute.

Plaintiff maintains that the amendment to section 7—11 was not intended to change the law but was merely a clarification of existing law, as evidenced by the fact that the amendment was adopted soon after *Greer*. Plaintiff contends that the amendment establishes that the legislature always intended for the Local Commission to have the right to seek administrative review of the State Commission's decisions. Generally, a material change in the language of an unambiguous statute creates a presumption that the amendment was intended to change the law. (*State v. Mikusch* (1990), 138 Ill. 2d 242, 252, 562 N.E.2d 168, 172.) We do not find the language of section 7—11 as it existed prior to the statutory amendment to be ambiguous or otherwise unclear. "When the import of the original statutory language is clear, the court has declined to view an amendment as simply clarifying the legislature's intention." (*Mikusch*, 138 Ill. 2d at 252, 562 N.E.2d at 172, citing *People v. Hare* (1988), 119 Ill. 2d 441, 519 N.E.2d 879.) Based on the foregoing, we cannot find that the *Greer* decision does not reflect the legislative intent with regard to section 7—11 as it existed prior to the statute's amendment.

■ Finally, the Local Commission argues that the State Commission's decision violates the home rule provision of the Illinois Constitution. (Ill. Const. 1970, art. VII, §6.) Carbondale city council ordinance number 85—27 sets out the powers and duties of the Local Commission. One of the duties entrusted to the Local Commission is to consider the best interests of the City of Carbondale. The Local Commission contends that if it is denied the right to appeal the State Commission's decision the City of Carbondale's home rule authority is unconstitutionally overridden.

Liquor control is subject to concurrent jurisdiction between the State and local units of government. (*Easter Enterprises, Inc. v. Illinois Liquor Control Comm'n* (1983), 114 Ill. App. 3d 855, 858, 449 N.E.2d 1013, 1016.) Home rule municipalities may legislate freely in the area of liquor control except as restricted by the State pursuant to the home rule provisions of the 1970 Illinois Constitution, article VII, section 6. (*Easter*, 114 Ill. App. 3d at 858, 449 N.E.2d at 1016; see also *Liquor Control Comm'n v. City of Calumet City* (1975), 28 Ill. App. 3d 279, 328 N.E.2d 153.) As discussed previously, the Local Commission is a quasi-judicial body and was not given statutory authority to seek administrative review of the State Commission's decisions. (*Greer*, 185 Ill. App. 3d at 223, 541 N.E.2d at 219.) It is clear

from the applicable State statute (Ill. Rev. Stat. 1989, ch. 43, par. 154a) that the Local Commission is without standing to appeal the administrative decision. We cannot find that the Local Commission's lack of standing is contrary to the Liquor Control Act of 1934 or to the home rule provision of the Illinois Constitution.

For the foregoing reasons, the circuit court of Jackson County is affirmed as to cases numbered 90—MR—44, 90—MR—46 and 90—MR—45.

Affirmed.

GOLDENHERSH, P.J., and RARICK, J., concur.