CARBONDALE LIQUOR CONTROL COMMISSION, Plaintiff-Appellant, v. ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees.—CARBONDALE LIQUOR CONTROL COMMISSION, Plaintiff-Appellant, v. ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Defendants-Appellees.

Fifth District   Nos. 5—92—0617, 5—92—0618 cons.

Opinion filed June 11, 1993.—Rehearing denied July 2, 1993.

CHAPMAN, P.J., dissenting.

Michael L. Wepsiec, City Attorney, of Carbondale, for appellant.

Robert P. Schulhof, of Carbondale, for appellee Beer Barn, Inc.

No brief filed for appellee State of Illinois Liquor Control Commission.

JUSTICE WELCH delivered the opinion of the court:

Beer Barn, Inc. (Beer Barn), and Saluki Liquor, Inc. (Saluki Liquor), applied for retail package-liquor licenses in the City of Carbondale in 1990. The Carbondale Liquor Control Commission (Carbondale Commission) denied the licenses, and Beer Barn and Saluki Liquor appealed to the State of Illinois Liquor Control Commission, which reversed the Carbondale Commission's decision and ordered the Carbon-

dale Commission to issue retail package-liquor licenses to Beer Barn and Saluki Liquor. The Carbondale Commission filed a complaint for administrative review in the circuit court. The trial court dismissed the complaint for lack of standing, and this court affirmed. (*Carbondale Liquor Control Comm'n v. Illinois Liquor Control Comm'n* (1992), 227 Ill. App. 3d 71, 590 N.E.2d 1044.) Upon remand from this court, Beer Barn and Saluki Liquor again requested the Carbondale Commission to issue licenses, and the Carbondale Commission refused to do so. Beer Barn and Saluki Liquor filed a motion to enforce judgment in the circuit court. The circuit court granted the motion to enforce judgment and ordered the Carbondale Commission to issue retail package-liquor licenses to Beer Barn and Saluki Liquor. The Carbondale Commission appeals. We affirm.

The Carbondale Commission points out that the appellees' license applications specified that they were for the period beginning July 1, 1990, and ending June 30, 1991. The Carbondale Commission submits that the licenses for which Beer Barn and Saluki Liquor applied have expired, and as a result, the instant cases were moot when the trial court granted the motion to enforce judgment.

We will first address the mootness point. Plaintiff argues that *People ex rel. Cairo Turf Club, Inc. v. Taylor* (1954), 2 Ill. 2d 160, 116 N.E.2d 880, is dispositive and mandates dismissal.

In *Cairo Turf Club* the appellee received a local license to sell liquor for the year ending December 31, 1952. The appellee applied for a State retail liquor license, which, if issued, would have expired June 30, 1953. The State Liquor Control Commission refused to issue a State license. The appellee sought a writ of *mandamus* against the State Liquor Control Commission. The trial court denied the writ of *mandamus*, but the appellate court reversed. On appeal to the Illinois Supreme Court, two issues were presented, one of which was "whether or not the matter has now become moot by reason of the fact that the license period in question has expired." (*Cairo Turf Club*, 2 Ill. 2d at 163, 116 N.E.2d at 881.) The supreme court stated the general rule that " 'when a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved or where the substantial questions involved in the trial court no longer exist, it will dismiss the appeal or writ of error.' " (*Cairo Turf Club*, 2 Ill. 2d at 164, 116 N.E.2d at 882, quoting *People v. Redlich* (1949), 402 Ill. 270, 279, 83 N.E.2d 736, 741.) The appellants argued that the question was not moot because it was one of public moment. The court rejected that argument because the case did not present the urgent necessity for authoritative determination

which would warrant an exception to the general rule. *Cairo Turf Club,* 2 Ill. 2d at 164, 116 N.E.2d at 882.

■ As a general rule, a case on appeal becomes moot where the issues involved in the trial court no longer exist because events occurring after the filing of the appeal render it impossible for the appellate court to grant the complaining party effectual relief. (*In re a Minor* (1989), 127 Ill. 2d 247, 255, 537 N.E.2d 292, 295.) However, a case which normally would be deemed moot may qualify for review if it involves a question of great public interest. (*In re a Minor,* 127 Ill. 2d at 257, 537 N.E.2d at 296.) To determine whether a case meets the criteria for application of the public-interest exception, we examine "the public or private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question." (*In re E.G.* (1989), 133 Ill. 2d 98, 105, 549 N.E.2d 322, 325.) This case falls within the public-interest exception. The Carbondale Commission has an interest "to the end that the health, safety, and welfare of the residents of the City of Carbondale shall be protected." (Carbondale, Ill., Revised Code §2—1—1 (1988).) The Carbondale Commission, Beer Barn, Saluki Liquor, and other potential liquor-license applicants have an interest in the issuance of liquor licenses. The Illinois Liquor Control Commission and the courts have an interest in seeing to it that their mandates are carried out and are not thwarted by delays and situations which may inevitably evade review. It is desirable that the Carbondale Commission, the appellees, and future liquor-license applicants receive guidance as to the resolution of the matter at bar.

Notwithstanding the public-interest exception, we note:

> "[T]he challenged governmental activity in the present case is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." (*Super Tire Engineering Co. v. McCorkle* (1974), 416 U.S. 115, 122, 40 L. Ed. 2d 1, 8, 94 S. Ct. 1694, 1698.)

This case involves an event of short duration which is capable of repetition, yet evading review, thus necessitating a definitive resolution. (*In re a Minor,* 127 Ill. 2d at 258, 537 N.E.2d at 296.) We therefore find that the cases on appeal are not moot.

*Cairo Turf Club* is distinguishable because we are convinced that "identical situations will occur with such frequency as to make imperative the need for a positive rule." (See *Cairo Turf Club,* 2 Ill. 2d at 164, 116 N.E.2d at 882.) In the case at bar, the license period for which Beer Barn and Saluki Liquor made application expired on June

30, 1991. Beer Barn and Saluki Liquor argue that plaintiff has repeatedly utilized delay tactics which have resulted in expiration of the license period before judicial resolution. They maintain that if allowed to prevail on the mootness point, the Carbondale Commission and other liquor commissions could continue to summarily and arbitrarily deny liquor licenses without accountability to any higher authority. We refrain from pointing an accusatory finger at any party for the delays in these cases; however, given the lapse of time, the multiple appeals in these cases (this is the third appeal to this court), and the expiration of the licensing period, the merit of appellees' argument is apparent.

■ The next issue is whether the trial court erred in granting the motion to enforce judgment. Beer Barn's and Saluki Liquor's applications for liquor licenses stated they they were for the period "beginning July 1, 1990, and ending on July 30, 1991." Thus the licensing period for which the appellees applied expired during the appellate process. Beer Barn and Saluki Liquor argue that they are entitled to current liquor licenses.

The orders of the Illinois Liquor Control Commission did not refer to a licensing year. The orders provided:

> "That the action of the Local Liquor Control Commission of the City of Carbondale denying Appellant's application for a package retail liquor license Be, and Hereby Is Reversed. It is Further Ordered that the Local Liquor Control Commission of the City of Carbondale issue *instanter* a package retail liquor license to the Appellant."

Moreover, the trial court's order granting the appellees' motion to enforce judgment does not refer to a particular licensing year:

> "The motion of Saluki Liquor, Inc., and Beer Barn, Inc., to enforce the order of the State Liquor Control Commission is hereby granted, and the City of Carbondale Liquor Control Commission is directed and ordered to grant and issue licenses to the plaintiffs."

The Carbondale Commission concedes that pursuant to the trial court's order the Carbondale Commission would have to issue current liquor licenses to the appellees. The Carbondale Commission contends, however, that the most the trial court had authority to do was to order that licenses be issued for the 1990-1991 licensing period for which the appellees originally applied.

The Carbondale Commission argues that its only reason for continuing to refuse to issue the licenses is that the licensing period has expired. Since the decision of the Illinois Liquor Control Commission

ordering that the licenses issue and this court's finding that the local commission has no standing to appeal that decision, the Carbondale Commission has not asserted any grounds for cause as to why it continues to refuse to issue the licenses. We find the determination of the trial court that the Carbondale Commission issue the Beer Barn and Saluki Liquor licenses was not erroneous. The court was merely mandating that the Carbondale Commission grant physical custody of the two liquor licenses to the appellees. Under the circumstances, the mere passage of time cannot be used as a shield to avoid the mandate of the Illinois Liquor Control Commission. We affirm the trial court's decision.

No. 5—92—0617, Affirmed.
No. 5—92—0618, Affirmed.

MAAG, J., concurs.

PRESIDING JUSTICE CHAPMAN, dissenting:
I would agree with the result reached by the majority, but I feel compelled to dissent because I believe the outcome of these cases is controlled by the Illinois Supreme Court's decision in *People ex rel. Cairo Turf Club, Inc. v. Taylor* (1954), 2 Ill. 2d 160, 116 N.E.2d 880.