TOM MAYBELL, Local Liquor Control Commissioner, City of Sparta, Appellee, v. ILLINOIS LIQUOR CONTROL COMMISSION *et al.*, Appellants.

Fifth District   No. 5—91—0815

Opinion filed June 14, 1993.

CHAPMAN, P.J., dissenting.

Neubauer & Fiss, of Fairview Heights, for appellants.

Alan R. Farris, of Conn, Clendenin, Norton & Farris, of Sparta, for appellee.

JUSTICE WELCH delivered the opinion of the court:

The Illinois Liquor Control Commission (hereinafter Commission) and William Schauerte, Joyce Schauerte, and Schauerte, Inc. (hereinafter defendants) appeal from the October 21, 1991, order of the circuit court of Randolph County, which reversed the November 21, 1989, order of the Illinois Liquor Control Commission. Defendants maintain on appeal that the order of the trial court must be vacated because plaintiff, Tom Maybell, the local liquor control commissioner for the City of Sparta, Illinois, was without standing to appeal the Commission's order to the circuit court under provisions of the Illinois Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.*). In the alternative, defendants argue that the trial court erred in finding that the Commission's order contained a conclusion of law which was against the manifest weight of the evidence. Plaintiff maintains on appeal, however, that it had standing to appeal the Commission's order, that the trial court correctly reversed the Commission's order, and in any event, the issues before this court, which concern a liquor license for which defendants applied for the period ending June 1990, are now moot.

Defendants first filed an application for a Class D liquor license with the City of Sparta, Illinois, on August 8, 1988, requesting a license pursuant to chapter 3, section 3—23, of the Sparta Code of Ordinances (Code), with an expiration date of June 30, 1989. Section 3—23 of the Code authorizes the retail sale of alcoholic liquor for consumption not on the premises, and defendant corporation is an Amoco gasoline and convenience store in Sparta, Illinois. Defendants' application was denied by letter dated August 11, 1988. At this time, each of the three Class D liquor licenses authorized by section 3—24 of the Code had been issued by the City of Sparta. On October 28, 1988, defendants resubmitted an application for a Class D liquor license for the period ending June 30, 1989, which was denied by letter dated November 8, 1988. At this time, however, one of the three authorized Class D liquor licenses was available. Both the August 11, 1988, and the November 8, 1988, letters recited that the reason for the denial was that defendants planned to operate a convenience store where package liquor was to be sold and that city policy did not permit Class D liquor licenses to be given to convenience stores or fast-food establishments that sold gasoline. It is con-

ceded by plaintiff on appeal that it was improper to base denial of the license on such policy.

The City of Sparta, Illinois, amended section 3—24 of the Code on December 15, 1988, to reduce the number of Class D liquor licenses available from three to two. On February 7, 1989, defendants filed a third application seeking a Class D liquor license for the period ending June 30, 1989. The application was backdated to October 28, 1988. Defendants' application was denied by letter dated February 16, 1989, which recited that the application was deficient in certain respects but that, in any event, there were no Class D liquor licenses available at the present time. Defendants appealed the denial of this application to the Commission but the appeal was later voluntarily dismissed.

Defendants filed a fourth application for a Class D liquor license for the period ending June 30, 1989, backdated to October 28, 1988, in May 1989. This application was denied by letter dated June 5, 1989. The letter noted various deficiencies in the form of the application, *i.e.*, that the application was stale and should be corrected to the date when the application was actually submitted, that the corporation was not properly named as the applicant, that the corporate signatures were not properly notarized, and that the commercial lease attached to the application did not comply with the requirements of subparagraph (m) of section 3—20 of the Code. This letter also advised defendants that there were no Class D liquor licenses available at that time.

A fifth application was filed by defendants on August 14, 1989, for the period ending June 30, 1989. The record indicates that this was a "typo" and that plaintiff was treating this application and the May 1989 application as being for the period ending June 30, 1990. Plaintiff denied this fifth application on September 9, 1989, noting some deficiencies in the form of the application which yet existed but again stating that all existing Class D liquor licenses had been issued.

Defendants filed their appeal with the Commission on October 3, 1989. Plaintiff filed a motion to dismiss the appeal on October 26, 1989, stating that at the time the application for liquor license was received by plaintiff the two Class D licenses had been issued and were in force and no Class D licenses were available at that time. The Commission took the motion to dismiss under advisement. Following trial *de novo*, the Commission found on November 21, 1989, that defendant corporation had applied for a liquor license in 1988 when one was available for issuance in the City of Sparta and

that plaintiff entered an order on September 9, 1989, refusing to grant a liquor license to defendants. The Commission reversed plaintiff's denial of defendants' application, ruling as a matter of law that it had jurisdiction over the parties and the subject matter and had proceeded in a proper and lawful manner, that defendant corporation was qualified to obtain a liquor license, and that the City of Sparta must issue one to defendant corporation. Plaintiff's petition for rehearing was denied by the Commission on December 28, 1989.

Plaintiff filed a complaint for administrative review with the circuit court of Randolph County, and the parties stipulated to all relevant documents and the testimony previously presented before the Commission and submitted briefs and argument in support of their respective positions on administrative review. By order dated October 2, 1991, the trial court stated that appeals of rulings denying the issuance of a liquor license by the local liquor control commissioner to the Illinois Liquor Control Commission may only be filed within 20 days of the denial thereof, citing section 7—9 of the Liquor Control Act of 1934 (Liquor Control Act) (Ill. Rev. Stat. 1989, ch. 43, par. 153). The trial court found that, while the reason stated in the letters denying the first two applications may be invalid, the only application properly before the Commission was the fifth one and, in relating back to the first and second application to reach its decision, the Commission erred. The court noted that there was no reason advanced by defendants for the proposition that plaintiff was without authority to reduce the number of available Class D liquor licenses in December 1988 and by the time the fifth application was before plaintiff nine months had passed since plaintiff had reduced the number of available licenses. The trial court ruled that the Commission's order of November 21, 1989, contained a conclusion of law (that defendant corporation was qualified to obtain a liquor license) which was against the manifest weight of the evidence and erroneous. Accordingly, the court found plaintiff was correct in denying the application submitted by defendants in August 1989.

■■ We will first address defendants' challenge to the standing of plaintiff to seek administrative review of the Commission's orders before the circuit court. The right to seek review under the Administrative Review Law of an administrative decision is limited to parties of record whose rights, privileges, or duties are affected by the decision. (*Greer v. Illinois Liquor Control Comm'n* (1989), 185 Ill. App. 3d 219, 221, 541 N.E.2d 216, 217.) The court pointed out in *Greer* that the local liquor control commission by statute ex-

ercises quasi-judicial powers and has the authority to conduct hearings on complaints, and thus the local commissioner is not a party aggrieved by reversal of its own administrative decision by the State Commission. (*Greer*, 185 Ill. App. 3d at 223, 541 N.E.2d at 219.) We have also recently held that a local liquor control commission is not a party aggrieved by reversal of its own administrative decision because it is a quasi-judicial body and has not been given a statutory grant of authority to seek administrative review. (*Carbondale Liquor Control Comm'n v. Illinois Liquor Control Comm'n* (1992), 227 Ill. App. 3d 71, 75-76, 590 N.E.2d 1044, 1047.) Defendants assert that we must not address the mootness argument because plaintiff, as head of the local liquor control commission, did not have standing to file his complaint for administrative review with the trial court, citing the *Greer* and *Carbondale* decisions.

We find that the standing issue in the instant case is statutorily controlled by revised section 7—11 of the Liquor Control Act, effective January 1, 1991, which was rewritten by Public Act 86—1279 to specifically provide that judicial review may be requested by any party in interest, including but not limited to *the local liquor control commissioner*. (Ill. Rev. Stat. 1991, ch. 43, par. 154a.) The *Greer* and *Carbondale* cases examined the Liquor Control Act and section 3—101 of the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—101) in determining that, because the local liquor control commission had by statute only been given a quasi-judicial status, it was not a party aggrieved by reversal of its own administrative decisions and therefore had no authority to seek administrative review. These decisions, however, ruled on appeals concerning petitions for judicial review filed by local liquor control commissioners prior to the effective date of Public Act 86—1279. Because the trial court dismissed the complaint for judicial review filed by the local liquor control commissioner in the *Carbondale* case for lack of standing prior to the effective date of Public Act 86—1279, we did not consider the revised language to this section of the Act in reaching our decision affirming the judgment of the trial court.

The floor debate on House Bill 3509, the bill which introduced the amendment of the Liquor Control Act passed by the General Assembly in Public Act 86—1279, indicates the purpose of the amendment to section 7—11 of that act:

"Rep. Wojcik: The Amendment would return judicial standing to mayors acting as the Liquor Control Commissioners in cases in which he [*sic*] wished to appeal an adverse decision

from the Illinois Liquor Control Commission. Previous to the court case of Greer versus Illinois Liquor Control Commission the Local commissioner had the opportunity to appeal in this matter." (86th Ill. Gen. Assem., House Proceedings, May 18, 1990, at 225 (statements of Representative Wojcik).) These words of Representative Wojcik express the original intent of the legislature that the local commissioners have standing to appeal from decisions of the Liquor Control Commission, an intent which was misconstrued in *Greer* and *Carbondale*. The complaint for judicial review was filed in the instant case by plaintiff after the January 1, 1991, effective date of the revision to section 7—11 of the Liquor Control Act. We find that section 7—11 of the Liquor Control Act specifically grants plaintiff, as local liquor control commissioner, the standing to file a complaint for judicial review.

■■ We next will address plaintiff's contention that the issues before this court are moot. An issue is "moot" when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy. (Black's Law Dictionary 909 (5th ed. 1979).) The existence of a real controversy is essential to appellate jurisdiction, and thus where a reviewing court has notice of facts which show only moot questions are involved, the court will dismiss the appeal. *Stallings v. Fajardo* (1987), 157 Ill. App. 3d 913, 513 N.E.2d 404.

Plaintiff contends that the issues involved in the instant case are moot because the license for which defendants applied would have expired on June 30, 1990, nearly three years ago. Moreover, plaintiff notes, no liquor license application is now pending before the City of Sparta on defendants' behalf. In addition, as the trial court noted above, defendants never contested the action on the part of the Sparta city council in December 1988 in amending its ordinances to reduce the number of available Class D licenses from three to two. Plaintiff also argues that the mootness doctrine has been applied by the courts in liquor-license cases for nearly 40 years and cites *People ex rel. Cairo Turf Club, Inc. v. Taylor* (1954), 2 Ill. 2d 160, 116 N.E.2d 880, for the proposition that where the liquor-license period in question has expired, the matter of whether *mandamus* should issue against the Illinois Liquor Control Commission to force issuance of such license has become moot and the appeal should be dismissed.

In *Cairo Turf Club*, the applicant had received a local license for the year ending December 31, 1952, from the State Liquor Control Commission but was denied a license for the year ending De-

cember 31, 1953. The applicant sought a writ of *mandamus* from the trial court to compel issuance of the license by the State Commission. The decision of the trial court denying the writ of *mandamus* was reversed on review by the appellate court, and the State Commission appealed to the supreme court. One of the issues addressed by the supreme court on review was whether the matter was moot by reason of the fact that the license period in question had expired. The court rejected the argument made by the appellant Commission that the question on appeal was not moot because it was one of "public moment," finding that the question of the issuance of a State liquor license expiring June 30, 1953, was not of such public urgency to require an authoritative determination, nor would an identical situation occur with such frequency as to compel the need for a positive rule for the future guidance of public officials. Accordingly, the court held that the matter was moot and dismissed the applicant's appeal. *Cairo Turf Club*, 2 Ill. 2d at 164, 116 N.E.2d at 882.

In response, defendants assert that plaintiff is a public official and his authority to issue or deny license applications on the basis of public policy (as defendants allege was done in the instant case) should be determined by this court, as future applicants will be affected by our opinion and such matters could recur in the future. Defendants also urge that if this court determines that the facts of this case render the matter moot, the State Commission would in effect be powerless to overturn a ruling by the local commissioner who seeks administrative review, knowing that the passage of time would allow the period of the applicant's license to expire. Finally, defendants argue that the scope and authority of a local liquor commissioner is a matter of public interest and thus the matter should not be deemed moot.

An exception to the mootness doctrine exists for certain cases involving the public interest, and in such cases the court should also consider whether it is desirable to make an authoritative determination of the question for the guidance of public officials and whether the question is likely to recur. (*Hightower v. Duffy* (1989), 192 Ill. App. 3d 65, 83, 548 N.E.2d 495, 507.) As defendants point out, a finding of mootness by this court will render the State Commission powerless to reverse a local commissioner, who, because of the revision to section 7–11 of the Liquor Control Act, now has the unassailable right to appeal to the circuit court from adverse determinations by the Commission. We find the situation in the *Cairo Turf Club* distinguishable from the instant case because at the time the

aforementioned case was determined there was no local commissioner, only the State Commission, which was responsible for the issuance of local licenses. Accordingly, the supreme court was not dealing with the anomaly created by revised section 7—11 of the Liquor Control Act, which insures the right of a local commissioner to judicial review of an adverse decision by the State Commission. Due to the duration of the appellate process, in situations where, as here, an applicant appeals from the adverse ruling of the trial court, such appeal will necessarily postdate the expiration date of the license for which the applicant was denied. Moreover, even if the applicant is successful in an appeal to this court, the local commissioner will be able to argue that the mandate of the appellate court cannot be enforced because the issue is moot. (See *Carbondale Liquor Control Comm'n v. State Liquor Control Comm'n* (1993), 245 Ill. App. 3d 973.) The local commissioner will thus be in the enviable position of being able to raise the mootness argument on every appeal, whether as the appellant or the appellee, and if such argument is upheld, the administrative review process will be thwarted. Accordingly, this case involves an event of short duration which is capable of repetition, yet evading review, thus necessitating a definitive resolution. *In re A Minor* (1989), 127 Ill. 2d 247, 258, 537 N.E.2d 292, 296.

We find that the supreme court's decision in the *Cairo Turf Club* is distinguishable on its facts from the instant case because of the differences in administrative procedural law. We also find that the present administrative procedure for liquor-control cases mandates, in the public interest, a determination by courts on review of the issues presented by such cases. We therefore hold that an exception to the mootness doctrine applies, and we reject plaintiff's argument that the issues before this court are moot and that the appeal must be dismissed.

On the merits, defendants argue that the October 21, 1991, order of the circuit court must be reversed because it was based on an erroneous ruling. As noted above, the Commission ruled as a matter of law that it had jurisdiction over the parties and subject matter and had proceeded in a proper and lawful manner, that the defendant corporation was qualified to obtain a liquor license, and that the City of Sparta must issue such license to the defendant corporation. The trial court ruled that the conclusion of law that the defendant corporation was qualified to obtain a liquor license was erroneous and against the manifest weight of the evidence.

The findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct (Ill. Rev. Stat. 1991, ch. 110, par. 3—110) and will not be disturbed on judicial review unless they are contrary to the manifest weight of the evidence. (*Scott v. Illinois State Police Merit Board* (1991), 222 Ill. App. 3d 496, 584 N.E.2d 199.) A reviewing court is not bound to give the same deference to an agency's conclusions of law as it must give to findings of fact, however, and will reverse a decision based on an erroneous interpretation or application of the law. *Nichols v. Department of Employment Security* (1991), 218 Ill. App. 3d 803, 578 N.E.2d 1121.

■ The trial court noted that under section 7—9 of the Liquor Control Act, appeals of rulings denying the issuance of a liquor license by the local liquor control commissioner to the State Commission may only be filed within 20 days of the denial thereof. The trial court found therefore that the only application properly before the Commission was the fifth one and that the Commission erred in relating the date of the fifth application back to the first or second application filed by the defendant or his corporation. Any factual finding to the contrary is against the manifest weight of the evidence and contrary to the unambiguous language of section 7—9 of the Liquor Control Act. We thus find no legal support for the Commission's finding that it had jurisdiction over the parties and subject matter under section 7—9 of the Liquor Control Act.

Moreover, we agree with the trial court's conclusion that the Commission's finding that the defendant corporation was qualified to obtain a liquor license was erroneous as a matter of law. As the trial court noted, there was no challenge by the individual defendants or the defendant corporation to plaintiff's reduction of the number of Class D liquor licenses in December 1988, and nine months had passed between that date and the filing of the fifth application. These factual findings are supportable by the evidence. Thus, the factual bases for the Commission's finding that the corporation was qualified to obtain a liquor license were against the manifest weight of the evidence. In the instant case the Commission was clearly without jurisdiction to review denial of the defendant's fifth application because there was no license available at that time and no authority appears of record for the proposition that the date of the fifth application could be related back to October 1988.

We hold that the trial court did not err in determining that the Commission's order contained a conclusion of law (that the defendant corporation was qualified to obtain a liquor license) which was

against the manifest weight of the evidence and erroneous. For the above-stated reasons, the October 21, 1991, order of the circuit court of Randolph County is affirmed.

Affirmed.

RARICK, J., concurs.

PRESIDING JUSTICE CHAPMAN, dissenting:
I dissent because, in my opinion, *People ex rel. Cairo Turf Club, Inc. v. Taylor* (1954), 2 Ill. 2d 160, 116 N.E.2d 880, requires this appeal to be dismissed as moot.