MIDWEST CENTRAL EDUCATION ASSOCIATION, IEA-NEA, Petitioner-Appellant, v. ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD *et al.*, Respondents-Appellees (Board of Education of Midwest Central Community Unit School District No. 191, Cross-Petitioner and Cross-Appellant; Illinois Educational Labor Relations Board *et al.*, Cross-Respondents and Cross-Appellees).

First District (4th Division)   No. 1—94—2122

Opinion filed December 29, 1995.—Rehearing denied February 6, 1996.

Illinois Education Association-NEA, of Chicago (Mitchell E. Roth and Sandra J. Holman, of counsel), for petitioner.

James Ryan, Attorney General, of Chicago (Barbara Preiner, Solicitor General, and Jerald S. Post, Assistant Attorney General, of counsel), for respondent Illinois Educational Labor Relations Board.

Miller, Hall & Triggs, of Peoria (Dennis Triggs and Douglas Griffin, of counsel), for respondent Midwest Central Unit School District No. 191.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The petitioner, Midwest Central Education Association, IEA-NEA (Association), filed a complaint against the respondent, Midwest

Central Unit School District No. 191 (District), before the Illinois Educational Labor Relations Board (Board), alleging that the District committed an unfair labor practice by failing to comply with a labor arbitrator's award. The Board ruled that the arbitrator's award was invalid because his remedy violated section 10(b) of the Illinois Educational Labor Relations Act (Act) (115 ILCS 5/10(b) (West 1992)). The Association now appeals the Board's decision, contending that it erred in determining the award was unenforceable. The District cross-appeals, arguing that the Board erred in finding that the dispute at issue was arbitrable and that the arbitrator's award was authorized under the collective bargaining agreement though not under the Act.

In lieu of an evidentiary hearing before the Board, the parties submitted a joint stipulation of facts and joint exhibits, establishing the following. The District originated as the consolidation of three school districts, one of which was the Forman Unit School District. Pursuant to the School Code (105 ILCS 5/1—1 et seq. (West 1992)), the District and the Association entered into a collective bargaining agreement (agreement) that was in effect at all times relevant to this case. The agreement contained a three-step grievance procedure that culminated in final and binding arbitration for all disputes involving a misinterpretation, misapplication, or violation of the agreement.

During the 1990-91 school year, Kelly Siltman was employed by the Forman district as a first-year probationary physical education instructor and girls' basketball coach. Siltman's position was renewed for the 1991-92 school year, giving her the status of second-year probationary teacher. At all relevant times, Siltman was a member of the Association and covered by the agreement.

On March 19, 1992, Siltman received written notification from the District's board of education regarding a resolution not to reemploy her for the 1992-93 academic year. The notification provided as follows:

"The reason you are not to be reemployed is the decision of the Board of Education that your commitment to team building and the development of a harmonious relationship between staff and the administration has not met the standards expected at Midwest Central. You have persistently failed to manifest an open mind and willingness to support administrative initiatives."

The effect of the notification was to terminate Siltman at the end of the 1991-92 school year.

When subsequent efforts to resolve the issue proved unsatisfactory, the Association initiated grievance proceedings against the District on Siltman's behalf. The Association charged that the

District violated the agreement because, *inter alia*, (1) its action against Siltman was not based upon just cause; (2) her alleged offenses were remediable, but were not made known to her until the day of her nonrenewal; and (3) the District failed to apply "progressive discipline" as provided in the collective bargaining agreement.

On November 16, 1992, following a hearing, a labor arbitrator issued an award (1) finding that the dispute between the District and Siltman was arbitrable under the collective bargaining agreement, and (2) sustaining Siltman's grievance on the basis that the District failed to adhere to procedures under the collective bargaining agreement in the period prior to her nonrenewal. The arbitrator noted that there was no requirement under the agreement that there be "just cause" for the nonrenewal of a nontenured teacher. However, he concluded that the District violated the agreement by failing to give Siltman any notification prior to the date of her nonrenewal notice regarding parental or student complaints about her performance, and by failing to apply "progressive discipline" to her situation. The arbitrator determined that teachers were entitled to notification regarding problems and to an opportunity to rectify their conduct. Accordingly, he ordered the District to reinstate Siltman for a third probationary year and make her whole for the portion of the 1992-93 year for which she was not employed by the District.

The District failed to comply with the arbitrator's order, and on February 2, 1993, the Association filed a complaint before the Board charging the District with committing an unfair labor practice under sections 14(a)(8) and, derivatively, 14(a)(1) of the Act. (115 ILCS 5/14(a)(8), (a)(1) (West 1992).) The District filed an answer and affirmative defenses alleging that the award was not enforceable because the arbitrator's remedy exceeded his authority under both the agreement and the Act. Accordingly, the District sought dismissal of the complaint along with any other relief the Board deemed appropriate. On March 19, 1993, the board of education passed a resolution of nonemployment for Siltman for the 1993-94 school year, premised upon essentially the same reasons as the resolution of March 19, 1992.

On October 28, 1993, the administrative law judge issued a recommended decision and order upholding the arbitrator's ruling and concluding that the District violated sections 14(a)(8) and (a)(1) of the Act by refusing to comply with the award. The judge ordered that the District comply with the award's provisions.

The District filed exceptions to the administrative law judge's recommendation before the Board, arguing that the grievance was substantively arbitrable under neither the agreement nor sec-

tion 10(b) of the Act. (115 ILCS 5/10(b) (West 1992).) It further argued that the arbitrator exceeded his authority and violated section 10(b) by awarding Siltman reinstatement for a third probationary year. The Association filed a response disputing these contentions.

The Board issued a ruling reversing the administrative law judge's recommended decision and order on the basis that the arbitrator's remedy was invalid. Initially, the Board adopted the administrative law judge's findings of fact to which the parties had stipulated. It then affirmed the finding that the dispute was arbitrable both under the agreement and the Act, finding that the grievance stated a colorable claim that the District breached the agreement by failing to inform Siltman of complaints against her prior to her non-renewal. Without reviewing the merits of the arbitrator's determination, the Board further ruled that his remedy of reinstatement was valid under the agreement, noting that the agreement did not limit remedies afforded after the arbitration of a grievance; however, the Board concluded that the remedy violated section 10(b) of the Act (115 ILCS 5/10(b) (West 1992)), because the power to renew a nontenured teacher was reserved exclusively to the District's discretion. Thus, the Board concluded that the award was not binding and that the District therefore did not violate the Act by refusing to adhere to it. The Board dismissed the Association's complaint.

The Association then filed a petition for administrative review of the Board's decision in this court. The District filed a cross-petition seeking review of those parts of the Board's decision relating to arbitrability and the arbitrator's authority to fashion a remedy under the collective bargaining agreement. The Association argues that the Board erred in ruling that the District was justified in refusing to comply with the arbitrator's award on the basis that his remedy was invalid under section 10(b) of the Act.

■ Section 3—110 of the Administrative Review Law provides that an agency's factual findings are to be held *prima facie* true and correct. (735 ILCS 5/3—110 (West 1992).) This means they will not be disturbed by this court unless they are contrary to the manifest weight of the evidence or unless an opposite conclusion is clearly evident. (*City of Freeport v. Illinois State Labor Relations Board* (1990), 135 Ill. 2d 499, 507, 554 N.E.2d 155; *Board of Education of Community High School District No. 155 v. Illinois Educational Labor Relations Board* (1993), 247 Ill. App. 3d 337, 344, 617 N.E.2d 269.) However, where the question involved is one of law, such as the construction of a statute, the agency's determination is entitled to deference but is not binding on the court (*City of Freeport*, 135 Ill. 2d at 507; *Obasi v. Department of Professional Regulation* (1994), 266 Ill.

App. 3d 693, 639 N.E.2d 1318), and the standard of review is *de novo.* *Envirite Corp. v. Illinois Environmental Protection Agency* (1994), 158 Ill. 2d 210, 214, 632 N.E.2d 1035; *Board of Education*, 247 Ill. App. 3d at 344.

■ Section 14(a)(8) of the Act states that the refusal to comply with a binding arbitration award is an unfair labor practice. (115 ILCS 5/14(a)(8) (West 1992); *Board of Education of Community School District No. 1 v. Compton* (1988), 123 Ill. 2d 216, 221, 526 N.E.2d 149.) However, such refusal is considered the appropriate means of challenging an award alleged to be invalid. *Board of Education of Harrisburg Community Unit School District No. 3 v. Illinois Educational Labor Relations Board* (1992), 227 Ill. App. 3d 208, 210, 591 N.E.2d 85; see also *Board of Education of Rockford School District No. 205 v. Illinois Educational Labor Relations Board* (1994), 258 Ill. App. 3d 859, 867, 629 N.E.2d 797, *aff'd* (1995), 165 Ill. 2d 80, 649 N.E.2d 369 (*Rockford*).

■ An arbitration award is nonbinding if it contravenes public policy. (*American Federation of State, County & Municipal Employees v. State* (1988), 124 Ill. 2d 246, 260, 529 N.E.2d 534.) This principle was codified in section 10(b) of the Act, which governs the legality of collective bargaining agreement terms and the enforceability of awards based on those terms. (*Rockford*, 165 Ill. 2d at 86.) Section 10(b) provides in relevant part as follows:

> "The parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly of Illinois. The parties to the collective bargaining process may effect or implement a provision in a collective bargaining agreement if the implementation of that provision has the effect of supplementing any provision in any statute or statutes enacted by the General Assembly of Illinois pertaining to wages, hours or other conditions of employment ***." (115 ILCS 5/10(b) (West 1992).)

If compliance with an award would require a violation of statute, the award is nonbinding and subject to vacatur. *Board of Education*, 247 Ill. App. 3d at 345.

■ ■ The Board in this case ruled that the arbitrator's remedy reinstating Siltman to a third probationary term violated sections 10—22.4 and 24—11 of the School Code. (105 ILCS 5/10—22.4, 24—11 (West 1992).) Section 10—22.4 establishes the powers of school boards (see 105 ILCS 5/10—22 (West 1992)) and provides in relevant part as follows:

"10—22.4. Dismissal of teachers. To dismiss a teacher for incompetency, cruelty, negligence, immorality or other sufficient cause, to dismiss any teacher who fails to complete a 1-year remediation plan with a 'satisfactory' or better rating and to dismiss any teacher whenever, in its opinion, he is not qualified to teach, or whenever, in its opinion, the interests of the schools require it, subject, however, to the provisions of Sections 24—10 to 24—15, inclusive." (105 ILCS 5/10—22.4 (West 1992).)

Section 24—11 states as follows:

"Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service [tenure] unless given written notice of dismissal stating the specific reason therefor ***." (105 ILCS 5/24—11 (West 1992).)

Section 24—11 then sets forth the method and time period for such notice. The section contains the following provision concerning a third probationary term:

"For the purpose of determining contractual continued service, the first probationary year shall be any full time employment from a date before November 1 through the end of the school year. *If, however, a teacher has not had one school term of full-time teaching experience before the beginning of such probationary period, the employing board may at its option extend such probationary period for one additional school term by giving the teacher written notice by certified mail ***.*" (Emphasis added.) 105 ILCS 5/24—11 (West 1992).

As authority for awarding Siltman a third probationary term, the arbitrator looked to the above italicized language of section 24—11. However, the Code provides no such authority.

■ The School Code grants the school board alone the duty to appoint teachers, and a broad power to terminate their employment, either by dismissal or the nonrenewal of their probationary contracts. (*Illinois Education Association Local Community High School District 218 v. Board of Education of School District 218* (1975), 62 Ill. 2d 127, 130, 340 N.E.2d 7; *Rockford,* 258 Ill. App. 3d at 871-72.) These powers are discretionary and cannot be delegated or limited by a collective bargaining agreement. *Illinois Education Association,* 62 Ill. 2d at 130; *Rockford,* 258 Ill. App. 3d at 871-72; *Paprocki v. Board of Education of McHenry Community High School District No. 156* (1975), 31 Ill. App. 3d 112, 334 N.E.2d 841; see also *Rockford,* 165 Ill. 2d at 91-92.

■ By ordering Siltman reinstated in the face of the District's decision not to renew her, the arbitrator undermined authority specifically and exclusively reserved for the school board under the School

Code: specifically, to discharge a nontenured teacher whenever, "in its opinion, [she] is not qualified to teach, or whenever, in its opinion, the interests of the schools require it." (105 ILCS 5/10—22.4 (West 1992).) Further, there is no authority under section 24—11 for the arbitrator's decision. The provision italicized above is the only one in which section 24—11 authorizes a third probationary year, and it grants such discretion solely to the "employing board." (105 ILCS 5/24—11 (West 1992).) Allowing an arbitrator to impose a remedy of reinstatement to a third-year probationary period would be in clear derogation of the policy contemplated under the School Code.

The Association argues that under section 10(b), collective bargaining provisions are unenforceable only where they are inconsistent with a "specific statutory directive." However, this same narrow interpretation of section 10(b) was rejected in *Rockford*, where the supreme court found that this section unambiguously precluded any provision that is "in violation of, or inconsistent with, or in conflict with" any Illinois statute. (*Rockford*, 165 Ill. 2d at 88.) As in *Rockford*, the arbitrator's action here conflicted with the purpose as well as the language of the School Code, which is to reserve determinations regarding teacher retention for the school board. Accordingly, the remedy was invalid and not binding, and the District committed no unfair labor practice in refusing to reinstate Siltman.

The Association also requests that in the event this court affirms the finding that the award was invalid, we remand this case to enable the arbitrator to formulate another remedy in compliance with law and the agreement.

Although a remand may be within our discretion under the Administrative Review Law (see 735 ILCS 5/3—110, 3—111 (West 1992); 134 Ill. 2d R. 335(h); *Caliendo v. Martin* (1993), 250 Ill. App. 3d 409, 419-20, 620 N.E.2d 1318), we decline to do so under the facts of this case. The parties do not dispute that although the District may have violated Siltman's right to progressive discipline, this has no bearing upon its right not to renew her employment. The Association has failed to suggest a permissible remedy, barring reinstatement, for the breach shown by Siltman; nor can we conceive of any, since Siltman was not terminated prior to the natural expiration of her term under the contract. We find a remand would serve no purpose in this case.

■ The District also raises several issues on cross-appeal, specifically, that the Board erred in (1) ruling that Siltman's grievance was arbitrable, and (2) determining that while the arbitrator's remedy contravened section 10(b) of the Act, it was within his authority under the agreement.

On administrative review, this court has the power to affirm or reverse an agency's decision in whole or in part (735 ILCS 5/3—111(a)(5), 3—113(i) (West 1992)), and also to affirm the decision on any basis appearing in the record. (*Habinka v. Human Rights Comm'n* (1989), 192 Ill. App. 3d 343, 372, 548 N.E.2d 702.) Appellate jurisdiction is contingent upon the existence of a real controversy, and where only moot questions are involved, this court will dismiss the appeal. (*Maybell v. Illinois Liquor Control Comm'n* (1993), 246 Ill. App. 3d 14, 19, 614 N.E.2d 1370.) An issue is "moot" where its resolution could not have any practical effect on the existing controversy. *Maybell*, 246 Ill. App. 3d at 19, citing Black's Law Dictionary 909 (5th ed. 1979).

After concluding that the arbitrator's award was unenforceable under section 10(b) of the Act, the Board dismissed in its entirety the Association's complaint charging the District with an unfair labor practice. In light of this court's affirmance of that determination, the arbitrability of Siltman's grievance and the propriety of the award under the contract, though threshold questions before the Board, are no longer of any consequence to any existing controversy. Accordingly, the cross-appeal concerns only moot arguments and will not be addressed.

For the foregoing reasons, the decision of the Board is affirmed.

Affirmed.

CAHILL and THEIS, JJ., concur.